UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

JS 6

| Case No. | CV 09-3317 DSF (SSx) | Date | 1/7/10 |
|---|---|---|---|
| Title | The Merrill Companies, LLC, et al. v. Keybank National Association, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order REMANDING Case to State Court

## I. INTRODUCTION

Defendant conducted non-judicial foreclosure sales on two properties – one in Arizona and the other in Utah – that secured defaulted loans over which Plaintiffs had agreed to act as guarantors. (First Am. Compl. ¶¶ 13-14, 19, 22.) After these foreclosure sales, Defendant initiated deficiency actions against Plaintiffs in Utah and Arizona to collect the rest of the amounts due under the loans. (Id. at ¶¶ 15, 24.) In response, Plaintiffs sued Defendant in Los Angeles Superior Court for various causes of action, all of which are premised on the allegation that the foreclosure sales were at below-market prices so Plaintiffs are now "at risk" of "possibly" having to pay an unfair deficiency judgment. (Id. at ¶¶ 14-15, 21-24, 26-29, 33-34, 37-40.)

Defendant removed the case to the Court under 28 U.S.C. §§ 1441 and 1332, and then moved to dismiss the case. Before addressing the merits of Defendant's motion to dismiss, the Court required both parties to brief whether Plaintiffs had Article III standing, and if not, whether the action should be dismissed or remanded.

Having reviewed the Parties' briefing on these issues, the Court finds that Plaintiffs do not have Article III standing, and that the appropriate response is to REMAND the case.

## II. LEGAL STANDARD

JS 6

One constitutional prerequisite to a federal court exercising subject matter jurisdiction over an action is that the plaintiff has Article III standing. City of Los Angeles v. County of Kern, 581 F.3d 841, 845 (9th Cir. 2009). The issue of constitutional standing "cannot be waived by any party, and there is no question that a court can, and indeed must, resolve any doubts about this constitutional issue sua sponte." Id.

In order to have constitutional standing, a plaintiff must establish: (1) injury-in-fact; (2) causation; and (3) redressability. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). An "injury-in-fact" is "an invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) actual or imminent, not conjectural or hypothetical . . . ." Id. at 560 (internal citations and quotation marks omitted). The party invoking federal jurisdiction has the burden of establishing constitutional standing. Id. at 561. At this stage of the proceedings the Court accepts the factual allegations in the complaint as true. Id. at 561.

When a case is removed to federal court and "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III. DISCUSSION

### A. Plaintiffs Do Not Have Article III Standing

Here, Plaintiffs claim the allegedly below-market foreclosure sales of the properties caused harm to them because those sales put Plaintiffs "at risk" of Defendant "possibly" obtaining unjust deficiency judgments against them. Not only is this insufficient to show the complained-of harm is "actual" or "imminent," as a matter of law this harm will not come about because any deficiency judgment against Plaintiffs in the ongoing deficiency actions will be calculated on at least the fair market value of the properties. See Ariz. Rev. Stat. Ann. § 33-814(A); Utah Code Ann. § 57-1-32. Moreover, Plaintiffs' argument that they have suffered an injury-in-fact simply because they have incurred litigation expenses in those deficiency actions fails because "litigation expenses alone do not establish standing." See Fair Housing of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002). For these reasons, the Court finds that Plaintiffs do not have Article III standing.

### B. Section 1447(c) Requires the Court to Remand the Action to State Court

Defendant, relying on Bell v. City of Kellogg, 922 F.2d 1418 (9th Cir. 1990), argues that although the Court lacks subject-matter jurisdiction due to Plaintiffs' lack of standing, it should still dismiss the case because remand would be futile. In Bell, the

JS 6

Ninth Circuit held that even in light of § 1447(c)'s directive that federal courts "shall" remand a case if "it appears that the district court lacks subject matter jurisdiction," courts could nevertheless dismiss an action when "there is absolute certainty that remand would prove futile."  Bell, 922 F.2d at 1425 (internal quotation marks omitted).

The Court rejects this argument, though, because the futility exception recognized in Bell is no longer good law.  Soon after the Ninth Circuit decided Bell, the Supreme Court, "tak[ing] note" that "the literal words of § 1447(c) . . . give . . . no discretion to dismiss rather than remand," overruled a decision by the Fifth Circuit dismissing a case under the futility exception.  Int'l Primate Prot. League v. Adm'rs of Tule Educ. Fund, 500 U.S. 72, 87-89 (1991) (internal quotation marks omitted).  The Ninth Circuit has since interpreted this holding to mean "if there is no jurisdiction . . . the district court must remand the removed case rather than dismissing it."  Albignia Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d 931, 938 (9th Cir. 2003), modified, 350 F.3d 916; see also Bruns v. Nat'l Credit Union Admin., 122 F.3d. 1251, 1257 (9th Cir. 1997) (overturning the district court's decision to dismiss claims it did not have subject-matter jurisdiction over, stating that "[s]ection 1447(c) is mandatory, not discretionary").  In light of this binding authority, the Court finds § 1447(c) requires it to remand this action to state court.

## IV.  CONCLUSION

For the reasons noted above, the Court REMANDS this matter to the Superior Court of California, County of Los Angeles.


IT IS SO ORDERED.